# IN THE SUPREME COURT OF THE STATE OF NEVADA

THE BANK OF NEW YORK MELLON, F/K/A THE BANK OF NEW YORK AS TRUSTEE FOR THE CERTIFICATEHOLDERS OF CWALT, INC., ALTERNATIVE LOAN TRUST 2005-27, MORTGAGE PASS-THROUGH CERTIFICATES SERIES 2005-27,
Appellant,
vs.
SATICOY BAY LLC SERIES 1637 BENT ARROW; AND EL DORADO NEIGHBORHOOD FIRST HOMEOWNERS ASSOCIATION,
Respondents.

No. 74953



FILED

APR 12 2019

ELIZABETH A. BROWN
CLERK OF SUPREME COURT
BY_____
DEPUTY CLERK

## ORDER OF REVERSAL AND REMAND

This is an appeal from a final judgment following a bench trial in a quiet title action and a district court order denying a motion to amend the judgment. Eighth Judicial District Court, Clark County; Joanna Kishner Judge. Reviewing the district court's factual findings for substantial evidence and its legal conclusions de novo, *see Weddell v. H2O, Inc.*, 128 Nev. 94, 101, 271 P.3d 743, 748 (2012), we reverse and remand for further proceedings.[1]

---

[1]Pursuant to NRAP 34(f)(1), we have determined that oral argument is not warranted in this appeal.

19-14052

The district court erroneously ruled for respondents, as appellant's predecessor-in-interest's agent Miles Bauer tendered $180 to the HOA's agent Assessment Management Services (AMS), which exceeded the amount due for 9 months of assessments.[2] *See Bank of Am., N.A. v. SFR Invs. Pool 1, LLC*, 134 Nev., Adv. Op. 72, 427 P.3d 113, 117 (2018) (stating that, as explained in prior decisions, "[a] plain reading of [NRS 116.3116(2) (2012)] indicates that the superpriority portion of an HOA lien includes only charges for maintenance and nuisance abatement, and nine months of unpaid [common expense] assessments"). The tender of the defaulted superpriority portion of the HOA's lien cured the default as to that portion of the lien such that the ensuing foreclosure sale did not extinguish the first deed of trust.[3] *Id.* at 118-21.

Respondents contend that AMS had a good-faith basis for rejecting the tender. But AMS's subjective good faith in rejecting the tender is legally irrelevant, as the tender cured the default as to the superpriority portion of the lien by operation of law. *Id.* at 120. Because the superpriority portion of the lien was no longer in default following the tender, the ensuing foreclosure sale was void as to the superpriority portion of the lien, and AMS's basis for rejecting the tender could not validate an otherwise void

---

[2]The record shows that the monthly HOA assessments were $10, not the $20 that Miles Bauer believed in determining the amount to tender, but we have observed that a lender may tender an amount larger than the superpriority portion alone and then request a refund of the balance. *SFR Invs. Pool 1, LLC v. U.S. Bank, N.A.*, 130 Nev. 742, 757, 334 P.3d 408, 418 (2014).

[3]Because Miles Bauer's tender cured the relevant default, we need not address AMS's rejection of appellant's agent Greenberg Taurig's payoff request. *Cf. Bank of Am., N.A. v. Thomas Jessup, LLC Series VII*, 135 Nev., Adv. Op. 7 (March 7, 2019).

sale in that respect. *Id.* at 121 ("'A foreclosure sale on a mortgage lien after valid tender satisfies that lien is void, as the lien is no longer in default.'" (quoting 1 Grant S. Nelson, Dale A. Whitman, Ann M. Burkhart & R. Wilson Freyermuth, Real Estate Finance Law § 7.21 (6th ed. 2014))); *see* Restatement (Third) of Prop.: Mortgages § 6.4(b) & cmt. c (Am. Law Inst. 1997) (stating that a party's reason for rejecting a tender may be relevant insofar as that party may be liable for money damages but that the reason for rejection does not alter the tender's legal effect). Respondent Saticoy Bay also argues that appellant was required to demonstrate that its agent's trust account contained sufficient funds to cover the amount of the tender check. Because that argument is raised for the first time on appeal, we need not consider it. *See Old Aztec Mine, Inc. v. Brown*, 97 Nev. 49, 52, 623 P.2d 981, 983 (1981).

Respondents further contend that the tender was ineffective because (1) it imposed conditions, (2) evidence of the tender needed to be recorded, and (3) respondent Saticoy Bay is protected as a bona fide purchaser, but we recently rejected similar arguments. *Bank of Am.*, 134 Nev., Adv. Op. 72, 427 P.3d at 118-21. Respondents have not identified any condition that appellant's agent was not legally entitled to impose. We reject respondents' argument that the letter accompanying the check contained conditions purporting to absolve appellant of any future liability that it may have to the HOA. The letter refers to "the facts stated herein" in considering appellant's obligations to the HOA to be "paid in full," which can only be reasonably construed as contemplating the underlying foreclosure proceeding and not a future scenario in which appellant might again need to cure a default as to the superpriority portion of the HOA's lien

to protect its first deed of trust from foreclosure. Accordingly, the purchaser took title to the property subject to the deed of trust. We therefore

ORDER the judgment of the district court REVERSED AND REMAND this matter to the district court for proceedings consistent with this order.[4]

_____, C.J.
Gibbons

_____, J.
Pickering

_____, J.
Cadish

cc:    Hon. Joanna Kishner, District Judge
Janet Trost, Settlement Judge
Wright, Finlay & Zak, LLP/Las Vegas
Law Offices of Michael F. Bohn, Ltd.
Wolf, Rifkin, Shapiro, Schulman & Rabkin, LLP/Las Vegas
Eighth District Court Clerk

---

[4]Based on this disposition, appellant's challenge to the district court's order denying appellant's motion to amend the judgment is moot.